UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>ROCHESTER DRUG CO-OPERATIVE, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 20-20230 (PRW) |
| Advisory Trust Group, LLC, in its capacity as trustee of the RDC LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>LAURENCE F. DOUD III, DONALD ARTHUR, STEPHEN GIROUX, CHRISTOPHER CASEY, CARRY MROZEK, RICHARD KLENK, SHERWOOD KLEIN, JOE LECH, BORIS MANTELL, JOSEPH SCOTT MISKOVSKY, and PAUL PAGNOTTA, individually as members of the Debtor's Board of Directors,<br><br>Defendants. | Adv. Proc. No. 22-02073 (PRW) |

Defendant Laurence F. Doud III, as for his Answer to Plaintiffs' Complaint for Breach of Fiduciary Duties and Recovery of Wrongful Declaration of Dividends, hereby states as follows:

**RESPONSE TO SPECIFIC ALLEGATIONS IN THE COMPLAINT**

1. Paragraph 1 of the Complaint is argumentative, presents legal conclusions and questions of law to be determined by the Court and, thus, to which no response is required and is otherwise denied.

2. Paragraph 2 of the Complaint is argumentative, presents legal conclusions and questions of law to be determined by the Court and, thus, to which no response is required and is otherwise denied.

3. Paragraph 3 of the Complaint is argumentative, presents legal conclusions and questions of law to be determined by the Court and, thus, to which no response is required and is otherwise denied and/or Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth in Paragraph 3.

4. Paragraph 4 of the Complaint is argumentative, presents legal conclusions and questions of law to be determined by the Court and, thus, to which no response is required and is otherwise denied.

5. Defendant Doud admits that Plaintiff's claims against him are for breach of fiduciary duty. Defendant Doud otherwise denies the allegations in Paragraph 5 of the Complaint.

## II. JURISDICTION AND VENUE

6. Paragraph 6 of the Complaint presents legal conclusions and questions of law to be determined by the Court and, thus, to which no response is required.

7. Paragraph 7 of the Complaint presents legal conclusions and questions of law to be determined by the Court and, thus, to which no response is required.

8. Paragraph 8 of the Complaint presents legal conclusions and questions of law to be determined by the Court and, thus, to which no response is required.

9. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, except Defendant admits that Plaintiff was appointed the Liquidating Trustee.

10. Defendant Doud admits the allegations contained in Paragraph 10 of the Complaint.

11. Defendant Doud denies the allegations contained in Paragraph 11 of the Complaint, except admits that he resides in Florida and served as Chief Executive Officer of RDC and as Secretary and/or Treasurer of the Board.

12. No response is required as to the allegations in Paragraph 12 of the Complaint as they do not constitute allegations against Defendant Doud.

13. No response is required as to the allegations in Paragraph 13 of the Complaint as they do not constitute allegations against Defendant Doud.

14. No response is required as to the allegations in Paragraph 14 of the Complaint as they do not constitute allegations against Defendant Doud.

15. No response is required as to the allegations in Paragraph 15 of the Complaint as they do not constitute allegations against Defendant Doud.

16. No response is required as to the allegations in Paragraph 16 of the Complaint as they do not constitute allegations against Defendant Doud.

17. No response is required as to the allegations in Paragraph 17 of the Complaint as they do not constitute allegations against Defendant Doud.

18. No response is required as to the allegations in Paragraph 18 of the Complaint as they do not constitute allegations against Defendant Doud.

19. No response is required as to the allegations in Paragraph 19 of the Complaint as they do not constitute allegations against Defendant Doud.

20. No response is required as to the allegations in Paragraph 20 of the Complaint as they do not constitute allegations against Defendant Doud.

21. No response is required as to the allegations in Paragraph 21 of the Complaint as they do not constitute allegations against Defendant Doud.

### IV. FACTUAL BACKGROUND

**A. The Bankruptcy and General Operations**

22. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. No response is required as to the allegations in Paragraph 24 of the Complaint as they do not constitute allegations against Defendant Doud.

25. Defendant Doud admits the allegations of Paragraph 25.

26. Defendant Doud admits that the Board met monthly and otherwise denies the allegations contained in Paragraph 27 of the Complaint.

**B. The Controlled Substances Act**

27. Defendant Doud admits that the allegations contained in Paragraph 27 of the Complaint.

28. Defendant Doud admits the allegations contained in Paragraph 28 of the Complaint.

29. Defendant Doud admits the allegations contained in Paragraph 29 of the Complaint.

30. Defendant Doud denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant Doud denies the allegations contained in Paragraph 31 of the Complaint, except admits that RDC was required to register for a DEA license and that RDC was required to

submit ARCOS data to the DEA.

32. Paragraph 32 of the Complaint presents legal conclusions and questions of law to be determined by the Court and, thus, to which no response is required.

### C. The Board Prioritized Sales Over Compliance

33. Paragraph 33 of the Complaint is argumentative, presents legal conclusions and questions of law to be determined by the Court and, thus, to which no response is required and is otherwise denied.

34. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint; additionally, Paragraph 36 is argumentative, presents legal conclusions and questions of law to be determined by the Court and, thus, to which no response is required and is otherwise denied.

37. Defendant Doud denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant Doud denies the allegations contained in Paragraph 38 of the Complaint.

### D. The Board Consciously Ignored a Prior Investigation, Legal Action, and Penalties by the DEA in 2015.

39. Defendant Doud admits the allegations contained in Paragraph 39 of the Complaint.

40. Defendant Doud admits the allegations contained in Paragraph 40 of the Complaint.

41. Defendant Doud denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43. Defendant Doud admits the allegations contained in Paragraph 43 of the Complaint.

44. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint.

45. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint and it is otherwise denied.

46. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint and it is otherwise denied.

**E. The Board Intentionally Disregarded Compliance Issues and Failed to Increase Compliance Staffing**

47. Defendant Doud denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant Doud denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant Doud denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant Doud denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint and it is otherwise denied.

52. Paragraph 52 of the Complaint is argumentative, presents legal conclusions and questions of law to be determined by the Court and, thus, to which no response is required and is otherwise denied.

**F. The Board Intentionally Failed to Enforce RDC's Obligation to Report Suspicious Orders**

53. Paragraph 53 of the Complaint is argumentative, presents legal conclusions and questions of law to be determined by the Court and, thus, to which no response is required and is otherwise denied.

54. Defendant Doud denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant Doud denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant Doud denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant Doud denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint.

59. Defendant Doud denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant Doud denies the allegations contained in Paragraph 60 of the Complaint, except admits that RDC maintained an internal policy regarding controlled substances.

61. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of some of the allegations contained in Paragraph 61 of the Complaint and otherwise denies

the allegations contained in Paragraph 61 of the Complaint.

62. Defendant Doud denies the allegations contained in Paragraph 62 of the Complaint, except admits that RDC filed at least four Suspicious Order reports between 2012 and 2016.

63. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint.

64. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint.

65. Paragraph 65 of the Complaint is argumentative, presents legal conclusions and questions of law to be determined by the Court and, thus, to which no response is required and is otherwise denied.

### G. The Board Personally Benefitted from Increased Sales and Lax Regulatory Compliance

66. Paragraph 66 of the Complaint is argumentative, presents legal conclusions and questions of law to be determined by the Court and, thus, to which no response is required and is otherwise denied.

67. Defendant Doud denies the allegations contained in Paragraph 67, except admits (a) that he was employed pursuant to an employment agreement, (b) the employment agreement provides a calculation for bonus compensation, and (c) Defendant Doud received bonus compensation in relation to that employment agreement.

68. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68, except admits that RDC typically paid a patronage dividend.

69. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69.

70. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint and it is otherwise denied.

71. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint.

72. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint.

73. Defendant denies the allegations contained in Paragraph 73.

**H. The Board Approved a 2017 Patronage Dividend When RDC Was Facing Extraordinary Liability for DEA Penalties**

74. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint.

75. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint.

76. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint.

77. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint.

78. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint.

79. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint.

80. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint.

81. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint and insofar as it implicates Defendant Doud it is otherwise denied.

**I. The Directors Were Fixated on Personal Gain to the Detriment of RDC, the Estate, and its Creditors**

82. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint.

83. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint.

84. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint.

**J. The Directors Unanimously Approved the DPA and Stipulated to the Accuracy of Facts Supporting the DEA's Charges**

85. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint.

86. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint.

87. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint.

88. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint.

89. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint.

90. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint.

91. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91.

92. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint, except is aware that RDC filed for chapter 11 bankruptcy.

**K. CEO Doud Was Convicted of Criminal Conspiracy to Distribute Drugs.**

93. Defendant Doud denies the allegations contained in Paragraph 93 of the Complaint, except admits that he was indicted in the Southern District of New York and the case is captioned as *United States of America v. Laurence F. Doud III*, case number 19-CR-00285 (the "Criminal Case").

94. Defendant Doud admits the allegations contained in Paragraph 94 of the Complaint insofar as he admits that he was convicted by a jury in the Criminal Case.

### V. DAMAGES TO RDC

95. Defendant Doud denies the allegations contained in Paragraph 95.

96. Defendant Doud denies the allegations contained in Paragraph 96.

**FIRST CLAIM FOR RELIEF**
**Breach of Fiduciary Duty Against Defendant Doud**

97. Defendant Doud repeats and realleges Paragraphs 1-96 above as if fully set forth herein.

98. Paragraph 98 of the Complaint presents legal conclusions and questions of law to be determined by the Court and, thus, to which no response is required.

99. Paragraph 99 of the Complaint presents legal conclusions and questions of law to be determined by the Court and, thus, to which no response is required.

100. Paragraph 100 of the Complaint presents legal conclusions and questions of law to be determined by the Court and, thus, to which no response is required.

101. Paragraph 101 of the Complaint presents legal conclusions and questions of law to be determined by the Court and, thus, to which no response is required.

102. Paragraph 102 of the Complaint presents legal conclusions and questions of law to be determined by the Court and, thus, to which no response is required.

**SECOND CLAIM FOR RELIEF**
**Breach of Fiduciary Duty Against All Directors**

103. Defendant Doud repeats and realleges Paragraphs 1-101 above as if fully set forth herein.

104. No response is required as to the allegations in Paragraph 104 of the Complaint as they do not constitute allegations against Defendant Doud.

105. No response is required as to the allegations in Paragraph 105 of the Complaint as they do not constitute allegations against Defendant Doud.

106. No response is required as to the allegations in Paragraph 106 of the Complaint as they do not constitute allegations against Defendant Doud.

107. No response is required as to the allegations in Paragraph 107 of the Complaint as they do not constitute allegations against Defendant Doud.

108. No response is required as to the allegations in Paragraph 108 of the Complaint as they do not constitute allegations against Defendant Doud.

**THIRD CLAIM FOR RELIEF**
**Breach of Fiduciary Duty Based on Personal Gain Against All Directors**

109. Defendant Doud repeats and realleges Paragraphs 1-108 above as if fully set forth herein.

110. No response is required as to the allegations in Paragraph 110 of the Complaint as they do not constitute allegations against Defendant Doud.

111. No response is required as to the allegations in Paragraph 111 of the Complaint as they do not constitute allegations against Defendant Doud.

112. No response is required as to the allegations in Paragraph 112 of the Complaint as they do not constitute allegations against Defendant Doud.

113. No response is required as to the allegations in Paragraph 113 of the Complaint as they do not constitute allegations against Defendant Doud.

114. No response is required as to the allegations in Paragraph 114 of the Complaint as they do not constitute allegations against Defendant Doud.

## FOURTH CLAIM FOR RELIEF
**Wrongful Declaration of Dividends When RDC Was Insolvent (Against All Defendants)**

115. Defendant Doud repeats and realleges Paragraphs 1-114 above as if fully set forth herein.

116. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 of the Complaint.

117. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 of the Complaint.

118. Defendant Doud lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 of the Complaint.

119. Paragraph 119 of the Complaint presents legal conclusions and questions of law to be determined by the Court, and, thus, to which no response is required.

120. Paragraph 120 of the Complaint presents legal conclusions and questions of law to be determined by the Court, and, thus, to which no response is required. Further, insofar as the Fourth Claim for Relief implicates Defendant Doud, it is factually implausible because Defendant Doud did not hold any management role whatsoever at the relevant time frame and no ability to participate in the declaration of any patronage dividend or any dividend of any kind during the relevant time-frame underlying the Fourth Clam for Relief.

121. Paragraph 121 of the Complaint presents legal conclusions and questions of law to be determined by the Court, and, thus, to which no response is required.

## FIFTH CLAIM FOR RELIEF
**Avoidance and Recovery of Constructively Fraudulent Transfers
Against All Directors**

122. Defendant Doud repeats and realleges Paragraphs 1-121 above as if fully set forth herein.

123. No response is required as to the allegations in Paragraph 123 of the Complaint as they do not constitute allegations against Defendant Doud.

124. No response is required as to the allegations in Paragraph 124 of the Complaint as they do not constitute allegations against Defendant Doud.

125. No response is required as to the allegations in Paragraph 125 of the Complaint as they do not constitute allegations against Defendant Doud.

126. No response is required as to the allegations in Paragraph 126 of the Complaint as they do not constitute allegations against Defendant Doud.

127. No response is required as to the allegations in Paragraph 127 of the Complaint as they do not constitute allegations against Defendant Doud.

128. No response is required as to the allegations in Paragraph 128 of the Complaint as they do not constitute allegations against Defendant Doud.

129. No response is required as to the allegations in Paragraph 129 of the Complaint as they do not constitute allegations against Defendant Doud.

## SIXTH CLAIM FOR RELIEF
### Avoidance and Recovery of Intentional Fraudulent Transfer
### Against All Directors

130. Defendant Doud repeats and realleges Paragraphs 1-129 above as if fully set forth herein.

131. No response is required as to the allegations in Paragraph 131 of the Complaint as they do not constitute allegations against Defendant Doud.

132. No response is required as to the allegations in Paragraph 132 of the Complaint as they do not constitute allegations against Defendant Doud.

133. No response is required as to the allegations in Paragraph 133 of the Complaint as they do not constitute allegations against Defendant Doud.

134. No response is required as to the allegations in Paragraph 134 of the Complaint as they do not constitute allegations against Defendant Doud.

## SEVENTH CLAIM FOR RELIEF
### Unjust Enrichment
### Against All Defendants

135. Defendant Doud repeats and realleges Paragraphs 1-134 above as if fully set forth herein.

136. Paragraph 136 of the Complaint presents legal conclusions and questions of law to be determined by the Court and, thus, to which no response is required.

137. Paragraph 137 of the Complaint presents legal conclusions and questions of law to be determined by the Court and, thus, to which no response is required.

## AND AS FOR A FIRST AFFIRMATIVE DEFENSE

138. The Complaint and each claim purported to be alleged therein are barred under the doctrine of unclean hands and *in pari delicto*.

## AND AS FOR A SECOND AFFIRMATIVE DEFENSE

139. The Fourth Claim For Relief as against Defendant Doud is factually implausible.

Dated: New York, New York
April 7, 2022

Respectfully submitted,

Janey Law Firm, P.C.

By: /s/ Derrelle M. Janey
    Derrelle M. Janey, Esq.

111 Broadway, Suite 701
New York, New York 10006
Tel: (646) 289-5276
Fax: (212) 374-1506
*Attorneys for Defendant Laurence Doud*